In the Matter of the Claim of JOAN ROMERO, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1978, which adopted a referee decision disqualifying claimant from benefits because she lost her employment due to misconduct. The claimant testified that on September 6, 1977 she was sick and that she had five sick days accumulated which she could take at any time, if sick. She went to a doctor on the holiday (Labor Day) weekend and he diagnosed a stomach virus, etc. She called her employer on Tuesday morning and said she would not be back until Friday and the employer said if she did not come in on September 7, 1977, when due to return from vacation, she was fired. She did not return to work and was fired. On the appeal to the board from the referee's finding of misconduct, the claimant submitted a letter from a doctor, which states that on September 3, 1977 he examined claimant and she had a flu-like virus and it lasted about four days, during which time she was "essentially confined to house and bed". The claimant's statement that she was entitled to an additional five days of sick leave is not disputed. Further, that she was so ill as to be confined to bed and house at least as of the day she called her employer is established. The referee found that as a matter of fact the

claimant was not ill and that she had not submitted any documentation by a doctor in the proceeding before him. As noted hereinabove, the claimant did submit such documentation on December 5, 1977 upon her appeal to the board. Such a submission complied with the statement on the board form used to advise parties that an appeal is pending and stating their right to "submit, in writing, statements, documents". The board's decision, dated March 8, 1978, makes no reference to that document or statement by the claimant's doctor and such documentation would undermine a factual finding by the referee which was adopted by the board. Upon the present record, the decision of the board is inadequate to permit an intelligent judicial review and, since it appears that the decision was rendered without consideration of all of the record evidence, the matter should be the subject of a new decision. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.